IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

FREDERICK C. RIERSON,

    Movant,

v.                                                               Case No. 1:16-cv-05719
                                                                Case No. 1:03-cr-00121-1

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Movant Frederick C. Rierson's (hereinafter "Movant") Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 37). This matter was referred to the Honorable Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). It is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN**.

    On April 2, 2002, Movant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 11, 2003, Movant was sentenced to 180 months in prison, followed by a three-year term of supervised release. (ECF No. 32). His sentence included an enhancement under 18 U.S.C. § 924(e)(1) on the basis that he had at least three prior convictions for either a "violent felony" or a "serious drug offense" as defined in 18 U.S.C. § 924(e)(2)

(hereinafter the Armed Career Criminal Act or the "ACCA").[1]

On June 26, 2015, the Supreme Court decided United States v. Johnson, 135 S. Ct. 2551 (2015) ("Johnson"), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided Welch v. United States, 136 S. Ct. 1257 (2016), in which the Court determined that Johnson changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

   (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The bolded portion of this definition is known as the Act's "residual clause."

2

On June 24, 2016, the Office of the Federal Public Defender was appointed to represent Movant to determine whether he is entitled to any relief under Johnson. (ECF No. 35). That same date, Movant filed the pending Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 37). At that time, Movant was already serving his three-year term of supervised release. The United States of America filed a Response to the section 2255 motion on July 20, 2016 (ECF No. 42) and Movant filed a Reply on August 19, 2016 (ECF No. 43).

By Memorandum Opinion and Order entered on February 15, 2018, Movant's term of supervised release was terminated due to his serious health condition and poor prognosis. (ECF No. 46). The Court has now received written notice from Movant's probation officer that Movant passed away on July 19, 2018. Accordingly, the Court **FINDS** that the requested relief is no longer possible.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; Daimler-Chrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." Taylor v. Riverside Regional Jail Authority, 2011 WL 6024499 *4 (E.D. Va.,

3

Dec. 2, 2011) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969) and North Carolina v. Rice, 404 U.S. 244, 246 (1971)).

Movant's section 2255 motion is now moot by virtue of his death. See, e.g., Krantz v. United States, 224 F.3d 125 (2d Cir. 2000) (§ 2255 motion and motion for certificate of appealability were rendered moot by death of movant). Accordingly, Movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF 37) is hereby **DENIED AS MOOT.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 26th day of February, 2019.

        ENTER:

        *David A. Faber* (signature)
        David A. Faber
        Senior United States District Judge